IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ALICIA WILSON,** | § | |
| | § | |
| *Plaintiff* | § | |
| v. | § | C.A. NO. 4:18-cv-03673 |
| | § | |
| **EZ EXIT NOW, LLC.,** | § | |
| | § | |
| *Defendants* | § | |

_____

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO RULE 12(b)(6) MOTION TO DISMISS

_____

**COMES NOW**, Defendant **EZ EXIT NOW, LLC** and files this reply to Plaintiff's response to Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and would show in support as follows:

Defendant is unable to ascertain the issues in the case as is confirmed by the response filed by Plaintiff to Defendant's Rule 12b Motion to Dismiss. Paragraph number 14 and 22 of the complaint clearly states that Plaintiff was interviewed and **_hired_** for the position. Then in states that comments were made in the **_first day of her_** work she was told that she would not be hired due to her looks of her skin. These allegations don't make sense. She

was hired and began working. Nowhere in the complaint does it state that she was fired after she showed up for her first day of work. Again, Plaintiff does not plead, and she has no evidence to even suggest, that she was terminated. She has provided facts and argument that are contradictory. See was never terminated. *See*, eg. <u>Hernandez v. Pep Boys</u>, slip op. 1997 WL 118411, at *2(N.D. Tex. March 7, 1997) (Dismissing prose plaintiff's purported common law claim of wrongful termination because plaintiff's allegations did not fit within the Sabine Pilot exception to the employee at-will doctrine); <u>Ado v Auchan Hypermarker</u>, slip op., 1995 WL 902483, at *(S.E. Tx., Dec. 5, 1995)(same). It is unclear what the claims are from the petition filed herein.

Plaintiff on page 2 of her response references two paragraphs in her petition which again are contradictory,

*"See was interviewed, hired and she was qualified for the position"* (Compl. Paragraphs 14, 22)

vs

*"When she arrived to work, she was subsequently told that Ez Exit Now would not hire a black female to supervise employees and it was mentioned several times that the owner looks at skin color when hiring supervisors."* (Compl. Paragraph umber 15, 17, and 22)

These statement by Plaintiff contradict each other, as it is clear that she was hired, but nowhere does it state anywhere in the complaint that she was terminated based upon her race, nor that these comments were made by the Defendants. Allegations by Plaintiff are made that some *unknown* person made a comment, but in no way does the Plaintiff present in the complaint of specific facts or allegations against the Defendant and/or the

corporate officers. Further, Defendant has no information or idea as to whom made such comment.

Defendant is rightfully relying upon Federal Rule of Civil Procedure 12(b)(6), a purported cause of action may be dismissed when the complaint fails to state a claim upon which relief can be granted. It is unclear what the claim of the Plaintiff is as controverting facts have been provided, and confirmed in the response filed by the Plaintiff to the Motion to Dismiss.

Further, Plaintiff's petition contains hearsay accusations that it states "*Ez Exit Now would not hire a black female to supervise employees and it was mentioned several times that the owner looks at skin color when hiring supervisors.*" This comment is hearsay and does not fit the requirements in that the petition does not provide the information to support a cause of action.

### A. Exhibits are part of the Complaint as the Complaint references the EEOC investigation

The exhibits attached to the Defendant's Motion to Dismiss are part of the EEOC record, with the exception of the affidavit provided. As they are part of the EEOC record, the can be included in the Defendant's Rule 12(b) Motion to Dismiss and considered by the Court. The Complaint refers on page 2, paragraph number 9 the EEOC, stating "The EEOC gathered evidence and concluded that Defendant failed to maintain personnel or other records, including employment applications…" The documents provided are the same documents provided to the EEOC, along with the evidence that was presented in affidavit form. See <u>Venture Assocs. Corp. v. Zenith Data Sys. Corp</u>., 987 F. 2d 429, 431 (7th

Cir. 1993). Defendant can present the attached exhibits and they can be considered by the Court.

**WHEREFORE, PREMISES CONSIERED**, Defendant prays that the Petition be dismissed according to Rule 12(b) for the reasons stated herein, and for such other and further relief, legal and equitable, including attorney's fees, be awarded Defendant.

Respectfully submitted,

**COLLEEN M. McCLURE**
**ATTORNEY AT LAW**

By: */s/ Colleen M. McClure*
COLLEEN M. MCCLURE
Texas bar No. 24012121
4201 Cypress Creek Parkway, Suite 565
Houston, Texas, 77068
Tel. (281) 440-1625 Fax.
(281) 956-4657
colleen.mcclure@att.net

**ATTORNEY FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

  I certify that January 16, 2019 a true and correct copy of the above Response was served to opposing counsel by eservice.

            */s/ Colleen M. McClure*
            Colleen M. McClure