IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALICIA WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-3673 |
| | § | |
| EZ EXIT NOW, LLC, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Defendant's Motion to Dismiss (Doc. 6). The court has considered the motion, the response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the motion be **DENIED**. Plaintiff's Motion to Strike Outside Exhibits (Doc. 7) is **GRANTED**.

### **I. Case Background**

On October 8, 2018, Plaintiff filed this employment discrimination action against Defendant, alleging that "it failed to hire her, rescinded her offer of employment, or terminated her because she is a Black female."[2]

In March 2016, Plaintiff applied to Defendant for the position of Call Center Supervisor, and, on April 1, 2016, Defendant interviewed Plaintiff.[3] At the end of the interview, Defendant

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 17, Ord. Dated Mar. 19, 2019.

[2] Doc. 1, Pl.'s Orig. Compl. p. 1.

[3] See id. p. 3.

offered Plaintiff the position, asked her to complete hiring paperwork, and set a start date.[4] However, when the start date arrived, Defendant's owner, Danny Cobb ("Cobb"), notified Plaintiff by phone "that the position was no longer needed."[5]

On the next day, the individual who had interviewed Plaintiff contacted her to find out why she had been absent on her scheduled start date.[6] When Plaintiff explained, the interviewer assured Plaintiff that Cobb's notification had been the result of miscommunication and that Plaintiff should report the following day.[7]

Plaintiff reported to the workplace as instructed.[8] At that time, "Plaintiff was told that [Defendant] would not hire a black female to supervise employees[,] and it was mentioned several times that the owner look[ed] at skin color when hiring supervisors."[9]

On April 26, 2016, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").[10] On October 11, 2017, the EEOC issued a determination finding that Defendant's decision not to hire Plaintiff was based on her race

---

[4] Id.

[5] Id.

[6] See id.

[7] See id. pp. 3-4.

[8] See id. p. 4.

[9] Id.

[10] Id. p. 2.

2

and gender.[11]  On August 8, 2018, Plaintiff received a Notice of Right to Sue from the EEOC and filed this action within ninety of receipt of that letter.[12]

Plaintiff asserted that Defendant's treatment of Plaintiff violated Title VII of the Civil Rights Act of 1964[13] ("Title VII") and 42 U.S.C. § 1981 ("Section 1981").[14]  Plaintiff sought actual damages, back pay, compensatory damages, exemplary damages, attorney's fees, costs, and interest.[15]

On November 7, 2018, Defendant answered Plaintiff's complaint and alleged, among other defenses, that: (1) "Plaintiff's claims are barred because Plaintiff failed to show for work her first day of work when she was terminated.  She was then allowed to return but upon return she stated she was only there interviewing for the position." (2) "Defendant never met Plaintiff at any time and did not know of her race and/or ethnicity." and (3) "Plaintiff voluntarily left the employment of Defendant, walking out [sic] any notice[] and did not return or communicate with Defendant after she left."[16]

---

[11]   See id.

[12]   See id. p. 3.

[13]   42 U.S.C. §§ 2000e-2000e-17.

[14]   See Doc. 1, Pl.'s Orig. Compl. pp. 4-5.

[15]   See id. pp. 5-6.

[16]   Doc. 5, Def.'s Ans. p. 7.

3

Approximately one month later, Defendant filed a motion to dismiss Plaintiff's complaint.[17] The briefing on that motion is complete, and the court now addresses the motion to dismiss.

## II. Dismissal Standard

Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to state a claim upon which relief can be granted. When considering a motion to dismiss, the court should construe the allegations in the complaint favorably to the pleader and accept as true all well-pled facts. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787, 803 n.44 (5th Cir. 2011)(quoting True v. Robles, 571 F.3d 412, 417 (5th Cir. 2009)).

A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. It need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility means that the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550

---

[17] See Doc. 6, Def.'s Mot. to Dismiss.

4

U.S. at 555. In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 678.

### III. Analysis

In its motion to dismiss, Defendant relates a significantly different factual version of the events at issue, including the assertion that "Plaintiff freely walked out of the Defendant's business, never to return."[18] Defendant complains that, in reaching its determination, the EEOC overlooked certain information provided by Defendant; that Plaintiff's complaint "contains hearsay accusations;" that Plaintiff did not "provide the entire set of facts;" that Plaintiff provided no facts or evidence of certain allegations; and that the employment was at will entitling Defendant to terminate it "for any reason[] or no reason at all."[19] Other than arguing that Plaintiff's complaint failed to sufficiently plead a claim of employment discrimination under the standards express in Twombly and Iqbal, Defendant offers no relevant legal argument in support of its motion.

Defendant attached the following exhibits to its motion to dismiss: (1) the unsworn statements regarding the events at issue by two of its employees at the time; (2) the affidavit of another of its employees regarding her encounter with Plaintiff; and (3) an

---

[18] Doc. 6, Def.'s Mot. to Dismiss p. 5; see also id. pp. 1-3, 7-8.

[19] Id. pp. 2-3, 5.

5

unauthenticated copy of portions of its employee handbook.[20] Plaintiff moves the court to strike these exhibits as "outside of Plaintiff's Complaint."[21]

"Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004). If the court does not exclude matters outside the pleadings that are submitted with a motion to dismiss for failure to state a claim, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d).

The exhibits Defendant submitted meet neither of the requirements to be considered part of the pleadings. Defendant's employees' accounts and Defendant's handbook are not referenced in the complaint and, because they were submitted in opposition to the facts asserted in Plaintiff's complaint, are not even part of Plaintiff's claim, much less central to it. In actuality, Defendant's exhibits are summary judgment evidence, albeit inadmissible for the most part in their present forms. Because it is far too early in litigation to convert the motion to one for summary judgment, the court **STRIKES** Defendant's exhibits.

---

[20] See id. Ex. A, Statement of Erutejiro Oratokhai & Statement of Tina Beres; Ex. B, Aff. of Kerry Kalish; Ex. C, Def.'s Emp. Handbook.

[21] Doc. 7, Pl.'s Mot. to Strike Outside Exs. p. 2.

6

Title VII prohibits employers from refusing to hire, terminating, or otherwise "discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Section 1981 provides an additional avenue of recourse for persons who experience discrimination in employment because of race. See 42 U.S.C. § 1981.

Defendant seeks too much at the pleading stage. Its version of the facts is irrelevant. Moreover, Plaintiff need not provide detailed factual allegations or establish a prima facie case of discrimination. See Twombly, 550 U.S. at 555 (stating that "detailed factual allegations" are not necessary); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002)(explaining that the prima facie case in an employment discrimination case is not a pleading requirement but an evidentiary standard). All that is necessary is that Plaintiff allege sufficient facts to provide a short and plain statement of her claim and to allow a reasonable inference of liability for the conduct alleged. See Twombly, 550 U.S. at 555; Iqbal, 556 U.S. 678.

The complaint accomplishes those two requirements. Plaintiff plainly alleged that she is an African American female who was

interviewed and hired[22] by Defendant and that, when she arrived to begin work, she was told that Defendant would not hire an African American supervisor and that skin color was a factor in decisions to hire supervisors.  Those facts are sufficient to state a claim of discrimination and to give rise to a reasonable inference that Defendant is liable for discriminatory actions.  No more is required at this stage of litigation.

### IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant's motion to dismiss be **DENIED.**  Plaintiff's Motion to Strike Outside Exhibits (Doc. 7) is **GRANTED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers

---

[22] Plaintiff alternatively pled that Defendant failed to hire her, rescinded her offer of employment, or terminated her because of her race and gender.  The alternative pleading is acceptable given the factual details of the actions about which she complains.

of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 15th day of May, 2019.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE