IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALICIA WILSON | § § § § § § § § § § § | |
| *Plaintiff,* | | No. 4:18-cv-03673 |
| v. | | |
| EZ EXIT NOW, LLC | | |
| *Defendant.* | | |

PLAINTIFF'S MEMORANDUM IN RESPONSE
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff asks the court to deny defendant's motion for summary judgment because there are material facts that are in dispute and the defendant has not proved as a matter of law they are entitled to judgement based on the evidence they presented.

A. Introduction

1. Plaintiff is Alicia Wilson; defendant is EZ Exit Now, LLC.

2. On October 8, 2018, plaintiff sued defendant for race and gender discrimination.

3. On November 7, 2018, defendant filed its answer and affirmative defenses.

4. On August 8, 2019, defendant filed a motion for summary judgment on plaintiff's claim of race and gender discrimination.

5. Summary judgment is improper in this case because there are genuine issues of material fact on each element of plaintiff's claim for race and gender

discrimination.

A prima facie case of discrimination requires a plaintiff to " establish '(1) that [he] is a member of a racial minority; (2) that [the defendant] had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute.'" Arguello v. Conoco, Inc., 330 F.3d 355, 358 (5th Cir. 2003) (quoting Morris, 277 F.3d at 751)

To make a prima facie case for gender discrimination, a Title VII plaintiff must show that she (1) " is a member of a protected class" ; (2) " was qualified for the position," (3) " was subject to an adverse employment action" ; and (4) " was treated less favorably than other similarly situated employees outside of her class." See Haire v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll., 719 F.3d 356, 363 (5th Cir. 2013)

## B. Statement of Facts

6. Plaintiff was employed for EZ Exit and the following is an abbreviated version of a timeline chart of the significant events that occurred between the defendant and plaintiff.



| Interview 4/4/2016 11am Interviewer: Rute | First Day of Work 4/12/16 (Called in sick) | Call from Rute 4/13/16 Report to work 4/14/16 | Reported to work 4/14/16 9am | Called Rute/Fired 4/14/16 |
|---|---|---|---|---|
| **Job Offer 38,000** Approached by Rute Test by phone Interview (which is when Rute made racist remarks. Job offered(Start 4/12/16 9am Completed paper/work Went to HR to copy identification.. Asked to not let her down! | **Fired (Owner)** I called in and left a voicemail because I was not able to reach anyone had the flu. Received a call From owner stating that I was no longer needed and hung up. | **Apology from Rute** Received a call from Rute apologizing for the previous day. Asked to come in on 4/14/16 9am I agreed. | **Sent to Call Center** Arrived 8:45AM for Tour/Coffee Placed in Office due to Rute was running late. She went on about how she and the HR lady had a meeting with owner.and asked to accept lower pay Sent to Call Center to listen to calls with rep Arrived/Seated awaiting headphones./Interviewed by CCS and dismissed. | **Call with Rute In Parking Lot** Called Rute to update/ask what's going on sounded upset ..she apologized again and asked if I can go back to my old job. She would assist me however possible. I disconnected call. Later, filed with EEOC! |

What is not in dispute is the following:

### Race Discrimination

1. Plaintiff was in a protected class based on her race as an African American.

2. Plaintiff was qualified for the job.

### Gender Discrimination

3. Plaintiff was in a protected class based on her gender as a female.

4. Plaintiff was qualified for the job.

Although the Defendant doesn't list any uncontroverted facts that it relies on for its summary judgement, the following are the disputed facts in the wake of the factual statements that appear in the Defendant's motion.

| DEFENDANT'S FACTS | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 1. Plaintiff voluntarily let [sic] the job after only working a partial day. ***See Page 2 paragraph 3 of defendant's motion*** | 1. Plaintiff was at the defendant's call center for what she believed to be training. However, she was interviewed by Kerry Kalish and after the interview was told that if hired they would be in contact with her. Not knowing what to do she left the building. ***See Exhibit B Answer 5*** |
| 2. WILSON admitted that her employment was not terminated by EZ Exit Now *after* April 14, 2016 her first day of employment. ***See Page 2 paragraph 3 of defendant's motion*** | 2. This is true because Plaintiff was constructively terminated by Rute who told her Dan did not want her as a supervisor *on* April 14, 2016. ***See Exhibit A Pages 98-100 Rute's Declaration and Defendant's Exhibit F page 37 of the Deposition.*** |

| | |
|---|---|
| 3. Plaintiff was told things about the owners from a nameless individual. *See Page 3 paragraph 3 of defendant's motion* | 3. Plaintiff was told things by a person she knows as Rute. *See Exhibit B Answer 5* |
| 4. Plaintiff did not want to go through the required training *See Page 2 paragraph 3 of defendant's motion* | 4. Plaintiff was already sitting on the phones training when Kerry Kalish asked her into the office for an interview. *See Exhibit B answer 5 that is further corroborated by Tiffany Dodd's statement Exhibit A page 101 through 102* |
| 5. Wilson admits she was never terminated after showing up for her first day of employment. *See Page 3 paragraph 3 of defendant's motion* | 5. Plaintiff was constructively terminated when told by Rute to go get her old job back. *See Exhibit B Answer 5* |
| 6. Plaintiff's statement were contradicted by Rute's affidavit. *See Page 5 paragraph 1 of defendant's motion* | 6. Plaintiff's statements are corroborated by Rute's declaration. *See Exhibit A Pages 98-100 Rute's Declaration* |
| 7. Dan and Kristin Cobb did hire Plaintiff. *See Page 6 paragraph 1 of defendant's motion* | 7. Dan Cobb didn't want to hire Plaintiff. *See Exhibit A Pages 98-100 Rute's Declaration* |
| 8. Wilson then states she was told that Defendant would not hire a Black female to supervise employees, but does not state nowhere in her claims does ……that the owners of the company who makes the hiring decision for supervisors told her that they would not hire her due to her race or sex. *See Page 6 paragraph 2 of defendant's motion* | 8. Plaintiff was told by Rute that Dan Cobb didn't want to hire her because of her race. Further Dan referred to Plaintiff as "that girl." *See Exhibit A Pages 98-100 Rute's Declaration* |
| 9. Defendant never met Plaintiff at any time and did not know her race. *See Page 7 paragraph 1 of defendant's motion* | 9. The defendant didn't have to meet the Plaintiff to know what race she was or her gender as the EEOC tour of the facility noted that Dan Cobb's office is located right next to Tina's office which is where the Plaintiff filled out her paperwork. *See Exhibit* |

| | *A page 108* |
|---|---|
| 10. Plaintiff was not terminated after she showed up on her second day of work….. ***See Page 8 paragraph 1 of defendant's motion*** | 10. Plaintiff was constructively terminated based on Rute's statement to her on April 14th. ***See Exhibit A Pages 98-100 Rute's Declaration*** |
| 11. Wilson has the burden to prove that Defendant through its owner Dan Cobb and Kristen Cobb there was discriminatory action on their part…. ***See Page 9 paragraph 3 of defendant's motion*** | 11. Plaintiff can prove through the acts of the employer's agent Rute that their actions were discriminatory. ***See Exhibit A Pages 98-100 Rute's Declaration*** |
| 12. Dan and Kristin Cobb employ African Americans for supervisory positions and always have done so. ***See Page 11 paragraph 2 of defendant's motion*** | 12. Dan Cobb was not credible in his statement to EEOC and tried to report he hired a Black female supervisor when this was not the case. ***See Exhibit A Pages 107 Dan Cobb's interview*** |
| 13. Dan Cobb stated in his Affidavit that no manager is hired or fired without his and his wife's approval. ***Exhibit A attached to Defendant's Motion*** | 13. In Dan Cobb's interview he made it clear that he was not involved in the hiring process. ***See Exhibit A Pages 107 Dan Cobb's interview*** |
| 14. Kerry Kalish stated in his Affidavit "there are and have ALWAYS been women of different cultural backgrounds in management positions." ***Exhibit D attached to Defendant's Motion*** | 14. However, the information produced to the EEOC by the Defendant shows there has never been a woman in a management position except for Rute who was an independent contractor. ***See Exhibit A Pages 175 through 192 and Page 98 Rute's Declaration*** |
| 15. Defendant has refused to provide information as to the rate of pay the for the persons who replaced the Plaintiff in the supervisor's position. ***See Exhibit B answer 10*** | 15. It is Plaintiff's contention that these Black females were not paid a salary that was told to the Plaintiff of $38K annually. ***See Exhibit A page 59*** |

## C. Argument

7. Although summary judgment is proper in a case in which there is no genuine issue of material fact, this is not a case in which the court should grant

summary judgment. *See* Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

8. A defendant moving for summary judgment on a plaintiff's claim must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary-judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim. *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996); *see Celotex Corp.*, 477 U.S. at 322-23. Defendant cannot rely on conclusory statements to establish that plaintiff has not presented evidence on an essential element of her claim. Rather, defendant must demonstrate the absence of a genuine factual dispute. *See Celotex Corp.*, 477 U.S. at 324-25. Only if defendant meets its burden is plaintiff required to respond by summary-judgment proof to show a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2).

9. In determining whether there is a disputed issue of material fact that prevents summary judgment, the court must consider all evidence in the light most favorable to plaintiff as the nonmovant. *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1236-37 (10th Cir. 2002). The court must also resolve all reasonable doubts about the facts in favor of plaintiff as the nonmovant. *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 455-56 (5th Cir. 2005).

10. Plaintiff must prove the following essential elements to support a claim for race or gender discrimination against defendant: A prima facie case of discrimination requires a plaintiff to " establish '(1) that [he] is a member of a racial minority; (2) that [the defendant] had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute.'" Arguello v. Conoco, Inc., 330 F.3d 355, 358 (5th Cir. 2003) (quoting Morris, 277 F.3d at 751) In addition, to make a prima facie case for gender discrimination, a Title VII plaintiff must show that she (1) " is a member of a protected class" ; (2) " was qualified for the position" ; (3) " was subject to an adverse employment action" ; and (4) " was treated less favorably than other similarly situated employees outside of her class." See Haire v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll., 719 F.3d 356, 363 (5th Cir. 2013).

11. Because there is a material fact issue on the element of whether Plaintiff's employment was rescinded because of her race and gender defendant is not entitled to summary judgment in this case. Rute an agent of the employer through her declaration explicitly stated that Dan Cobb didn't want to pay Plaintiff the salary for the position or hire Plaintiff for the supervisor's position referring to the Plaintiff as "that girl" because of her race. ***See Exhibit A pages 98-100.***

12. Looking at the history of the Defendant's hiring practices for management no women had been hired by the Defendant prior to the Plaintiff and it was Rute who hire Plaintiff.  ***See Exhibit A pages 98-100 and 175-193.***  It was apparent that he did not want to pay the Plaintiff the $38,000.00 and rescinded the original amount to $34,000.00 annually.  ***See Exhibit A pages 59-60 and 98-100.***  At no time after Plaintiff's interview by Kerry Kalish for a customer service position did the Defendant contact her to tell her that the interview was another miscommunication until a week later.  ***See Defendant's Exhibit D attached to their motion and Exhibit A pages 59-60***.  This action further shows Defendant terminated the Plaintiff which was an adverse action against the her.  Contrary to the Defendant's position that the Plaintiff just left the job she was terminated by the same individual that hired her Rute.  Under Texas Common Law theory of Respondeat Superior, the Defendant through their agent Rute terminated the Plaintiff.

### D. Objections

13. The court should deny defendant's motion for summary judgment because defendant's answer does not allege all the elements of its defenses and therefore does not support its motion for summary judgment. *See Ienco v. Angarone*, 429 F.3d 680, 684-85 (7th Cir. 2005). If fact the Defendant merely states in conclusory language nine affirmative defenses some of which are not

recognizable affirmative defenses. The Defendant just listed factual allegations which are in dispute. *See Exhibit D Defendant's Answer*

14. Because no elements were stated in the nine affirmative defense Plaintiff presents the following disputes to each one below.

| DEFENDANT'S AFFIRMATIVE DEFENSES | PLAINTIFF'S RESPONSE IN OPPOSITION |
|---|---|
| 1. The complaint fails to state a claim upon which relief may be granted. | The Court has already determined that the Plaintiff has met its burden in its denial of the Defendant's motion to dismiss. |
| 2. Plaintiff's claims are barred, in whole or in part by applicable statute of limitation | Plaintiff timely filed her EEOC charge and complaint within the applicable statutory period. *See Exhibit A page 8* EEOC Charge which was filed 2 days after the discriminatory action. Plaintiff also filed her complaint within 90 days of receiving her Right to Sue Letter. *See Exhibit A page 4 and Exhibit E* |
| 3. Defendant invoke the defenses protection and limitation of the Fair Labor Standards Act | Plaintiff is unclear as to which defense has been invoked |
| 4. The Defendant states that the Plaintiff's claim should be dismissed to the extent that they were not set forth in his administrative charge | Plaintiff set forth race and gender in her charge. *See Exhibit A page 8* |
| 5. At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with all federal and state discrimination laws in regard to their employees. | Defendant's hiring practices show that he had not hired a female manager until after Plaintiff filed her EEOC Charge. *See Exhibit A pages 175-193* Further, there is evidence to show that Plaintiff was not hired because of her race. *See Exhibit A pages 98-100* |

| | |
|---|---|
| 6. Defendants affirmatively asserts that it engaged in good faith efforts to comply with the law. | EEOC determined that they did not comply with the law in not keeping good records and were discriminating against the Plaintiff. ***See Exhibit A page 28*** |
| 7. Plaintiff claims are barred because Plaintiff failed to show for work her first day of work when she was terminated. She was then allowed to return but upon her return she stated she was only there interviewing for the position. | Plaintiff showed up for work and was interviewed and then told the company would be in contact with her. ***See Defendant's Affidavit D attached to their motion.*** |
| 8. Defendant never met Plaintiff at any time and did not know her race and/or ethnicity. | The defendant didn't have to meet the Plaintiff to know what race she was or her gender as the EEOC tour of the facility noted that Dan Cobb's office is located right next to Tina's office which is where the Plaintiff filled out her paperwork. ***See Exhibit A page 108*** |
| 9. Plaintiff voluntarily left the employment of the Defendant, walking out any notice [sic] and did not return or communicate with the Defendant after she left. | Plaintiff was constructively terminated based on Rute's statement to her on April 14th. ***See Exhibit A Pages 98-100 Rute's Declaration and Defendant's Exhibit F page 37 of the Deposition*** |

E. Summary-Judgment Evidence

14. In support of her response, plaintiff includes the following evidence in the attached appendix.

    A. EEOC Business Record

        1. Pages 98-100 The Declaration of Erutejiro "Rute" Oratokhai.

        2. Pages 175-192 The Defendants list of employees.

3. Pages 101-102 Tiffany Dodd's interview.

4. Page 8 EEOC Charge

5. Page 4 Right to Sue Letter

B. Plaintiff's Answers to Interrogatories

C. Plaintiff's Answers to Admissions

D. Defendant's Answer

E. Complaint

## G. Conclusion

15. Based on the aforementioned, Plaintiff has shown there are material facts that are in dispute and the Defendant has not proven their affirmative defenses as a matter of law. For these reasons, Plaintiff asks the court to deny Defendant's motion for summary judgment.

Respectfully Submitted,

Allecia Lindsey Pottinger Law Firm, PLLC.
6300 West Loop South, Suite 610
Bellaire, Texas 77401
Tel: (832) 930-0997
Fax: (832) 200-1997

By: _/s/ Allecia L. Pottinger_
Allecia Lindsey Pottinger
State Bar No. 00793531
allecia@alplawfirm.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was forwarded to all counsel of record on the January 8, 2019 via the Court's CM/ECF system.

_____
Allecia L. Pottinger