IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| ALICIA WILSON, | § | |
| --- | --- | --- |
| | § | |
| *Plaintiff* | § | |
| v. | § | C.A. NO. 4:18-cv-03673 |
| | § | |
| | § | |
| EZ EXIT NOW, LLC., | § | |
| | § | |
| | § | |
| *Defendant* | § | |

## **D**EFENDANT'S **R**EPLY TO **P**LAINTIFF'S **A**NSWER **T**O **D**EFENDANT'S **F**IRST **A**MENDED **M**OTION FOR **S**UMMARY **J**UDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **EZ EXIT NOW, LLC.** (herein after the "**EZ Exit**"), and files this Reply to the Plaintiff's Response to its' Motion for Summary Judgment ("MSJ") against **ALICIA WILSON** (hereinafter the "**WILSON**"), pursuant to Fed. R. Civ. P. 56, and would respectfully show the Court as follows:

# I. UNCONTESTED FACTS

It is appropriate for the Court to grant summary judgment if the pleadings, discovery materials, and any affidavits before the Court show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(a) made applicable to the adversary proceeding by Fed. R. Bankr.P. 7056. "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact." _Celotex Corp. v. Catrett_, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The evidentiary materials submitted in support of a motion for summary judgment as well as the evidence presented by Plaintiff show that there is no evidence that Defendant's owner, Dan Cobb, refused to hire or terminated Plaintiff due to her race or sex. The sole piece of evidence which Plaintiff uses to raise a material issue of fact is the declaration of Erutejiro Oratokhai. This is the only place in where there is a claim of racial or sexual discrimination, and it is solely the declarant's self-serving opinion.

_Uncontested Facts_

The Plaintiff was hired for a supervisory management position by Defendant. (See Exhibit "F" to Defendant's Motion for Summary Judgment Deposition page 18-23 page 17. Exhibit "A" Admissions R32, R89, R90 and Interrogatories page 6, 8. Exhibit A 59, 60.) Plaintiff understood that she was employed and demonstrates such understanding by calling in sick her first day of work, and then appearing for work two days later when her employment was confirmed by Defendant. (See Exhibit "F" to Defendant's Motion for Summary Judgment Deposition Lines 9-13 page 20 and Exhibit "A" Interrogatories page 7,

9 and Admissions R62. Exhibit A page 60). Plaintiff reported for work to the call center, her place of employment, for work purposes. (See Exhibit "F" to Defendant's Motion for Summary Judgment Deposition Lines 9-11, 14-16 page 21 and Exhibit "A" Interrogatories Page 6. Admissions R29. Exhibit A page 60). She left the call center voluntarily, never to return. She never spoke with the owners of the business, nor to Kerry Kalish. She only spoke with Erutejiro Oratokhai, who wrote two statements and was interviewed under oath.

The entire lawsuit of Plaintiff seems to hinge around a Declaration made by Erutejiro Oratokhai, which differs from her initial statement and the sworn interview statement by the EEOC. She made an initial statement (See EEOC documents page 20-21 of 192) provided to the EEOC. In this statement, she recanted the facts of what happened when Plaintiff was hired, her interview process, job acceptance, failure to appear for the first day of work, and subsequent training the first day of work. All of which facts are not contested. In the first statement she clearly states in paragraph number seven on page two she clearly states: "At no point in our conversation did we discuss Mr. Cobb's race preference or otherwise." (See Plaintiff's Exhibit EEOC records, page 20).

Erutejiro Oratokhai then gave a second sworn statement to the investigator with the EEOC on August 3, 2016, of which was a sworn statement having been sworn in by the interviewer as clearly noted in the statement. In this sworn statement, she is consistent with the initial statement that she made, clearly stating that Plaintiff was hired, again an uncontested fact. Erutejiro Oratokhai further swears under oath:

*"Erutejiro stated that that's the last time she saw or spoke to CP as she left early for the day and began maternity leave. She says that she did not know what happened when CP went to the call center nor anything of the vents that transpired after last speaking with CP."* (See EEOC documents attached to Plaintiff's response pages 102-103)

Erutejiro Oratokhai further stated that CP (Plaintiff) employment status with the company was job abandonment. She did not speak of any conversations with Dan Cobb that she had with Plaintiff on her first day of work. In fact, she stated she left after meeting with Plaintiff, leaving early for maternity leave and did not speak with Plaintiff again. Her first statement and sworn interview statement do not contradict each other and keep to the same facts, that Plaintiff was hired, received her new hire paperwork, called in sick for her first day of work, received a phone call from Dan Cobb saying she was terminated because she failed to appear for work, was reinstated and then showed up for work two days later, was at Ez Exit for training in the call center, and left never to return. These facts are all uncontested.

The scenario changed with the third statement that Erutejiro Oratokhai made, which is a declaration on February 17, 2017. This declaration contradicts her first two statements, adding in conversations with Dan Cobb that she clearly stated under oath to the investigator for the EEOC she did not have, making conclusions that are not based upon the facts that she presented in her own declaration. Erutejiro Oratokhai's statements in the third statement declaration are not supported by any evidence, and her impressions were based solely upon her own belief. The third statement was dated February 17, 2017, approximately one week after she was terminated for fraud in claiming to be an attorney

when in fact she was not. She put on notice and the same day an injunction was filed against her in 190th Judicial District Court, Harris County District Court, Cause Number 201711281 - EZ Exit Now vs. Erutejiro Oratokhai. Erutejiro Oratokhai signed a declaration which contradicts her initial statement. (See, Exhibit A page 80) In her first two statements, she is stating she is an attorney. In fact, Plaintiff states she met with Defendant's attorney in her EEOC complaint. The only evidence relied upon as the basis for the Plaintiff's entire complaint is the unsupported opinion of Erutejiro Oratokhai statement in her declaration which states:

> "I informed her of the conversation I just had with Dan and that *he seemed to not want to hire her or keep me employed because of our race. I do believe that he did not want to hire her as a supervisor or pay her supervisor's salary because of her race.*" (See page 99 of 192 of the EEOC records.)

These statements do not provide the required evidence that Defendant did not hire her due to her race or sex as there was no foundation to those statements. Erutejiro Oratokhai provided no specific statement or even general statement made by Dan Cobb or Kristin Cobb that shows a racially discriminatory termination of Plaintiff's employment, or that Dan Cobb did not want to pay her a supervisor's salary due to her race. She clearly states in paragraph number 7 of her statement that "Dan was not available to discuss Alicia's pay." (See page 98 of 192 of the EEOC records.) Yet, she states that her impression and belief is that he did not want to pay her the salary for a supervisor because of her race. Amazingly enough she can make this impression without ever talking to the alleged culprit about Plaintiff's pay. Her impression in the declaration are clearly not based upon any

facts much less the facts she presented in her own declaration. She clearly states she did not talk with Dan Cobb about it, yet she forms an opinion. She also states in paragraph number 5 of her declaration that Dan gave the approval for her to still be hired. (See page 99 of 192 of the EEOC records.) Then she states that he did not want her (plaintiff) or me ( Erutejiro Oratokhai) working for this company. Such statements are contradictory. Yet, in reading the statement, the real self-serving motive behind the declarant can be seen. The statements provided by Erutejiro Oratokhai were _solely_ based upon her beliefs and were self-serving. Her beliefs are not admissible as there has been no proof sufficient to show by a preponderance of the evidence that Defendant Dan Cobb actually said he would not hire Plaintiff due to her race, skin color or sex.

In fact, Erutejiro Oratokhai clearly stated in her original statement "At no point in our conversation did we discuss Mr. Cobb's race preference or otherwise." (See Plaintiff's Exhibit EEOC records, page 20) In her declaration she merely added in contradictory statements within the body of her statement and then summed it up with her beliefs. The declaration clearly does not provide facts to support her beliefs or the claims that Plaintiff was not hired based upon her race and or sex. There was no specifics as to her personal knowledge. Erutejiro Oratokhai clearly stated in her first statement that race was not discussed and therefore, Defendant objects to her declaration as hearsay as Plaintiff has produced no evidence to support the claims in her petition. See <u>Gainer v. Wal Mart Stores East, LP.</u>, 933 F. Supp. 2d 920, 928-929 (E.D.Mich. 2013) Further, a statement by a declarant/affiant that Erutejiro Oratokhai made based upon her opinion and was not based upon facts or what she heard Defendant's owner say does not satisfy

*6 | Page*

*Reply to Response to Motion to Summary Judgment*

the requirement that the witness have personal knowledge of the fact.  In this instance, the fact is that Plaintiff, who was hired, left her job the first day of work never to return, was terminated based upon her race.  There are not facts to support the claim of Plaintiff that she was terminated because of her race or sex. As to the pay of Plaintiff, Erutejiro Oratokhai clearly states that issue was never discussed with Dan Cobb.  Plaintiff must meet the evidentiary requirements to defendant against the Defendant's Motion for Summary Judgment and did not.  See *Josendis v. Wall to Wall Residence Repairs*, 662 F.3d 1292, 1317 (11th Cir. 2011); *Hlinka v. Bethlehem Steel Corp*. 863 F.2d., 279, 282 (3d Cir. 1988).

    Lastly,  her declaration of Erutejiro Oratokhai which clearly contradicts her two previous sworn statements provided to the EEOC is self-serving; and therefore, can be disregarded.  In *Vinewood Capital LLC v. Dar Al-Maal Al-Islami Trust*, the court stated that "[A] party's uncorroborated self-serving testimony cannot prevent summary judgment, particularly if the overwhelming documentary evidence supports the opposite scenario." No. 12-11103 (Oct. 8, 2013, unpublished) Slip op. at 7-8 (citing *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004)).  The court continued by stating that "[a]s the district court concluded, Conrad's self-serving testimony is belied by the parties' contemporaneous written communications and written agreements and is *therefore insufficient to create an issue of fact*." Id. at 8-9.  See also *Gonzalez v. U.S. Bank, N.A*., No. 13-10342 (Nov. 29, 2013, unpublished) (affirming summary judgment for a lender when the borrower's affidavit was "conclusory and unsubstantial" and thus insufficient to prove notice to the lender).   This declaration is the basis of Plaintiff's claim that there is an issue of fact.   In Erutejiro Oratokhai's initial statement and the EEOC sworn statement, she clearly is testifying as

an attorney for Defendant. Then she receives notice from Defendant that she is being sued by them for impersonating an attorney on February 10, 2017. Then she prepares and delivers a self-serving declaration that contradicts statements she made under oath to the EEOC investigator and in her initial statement. In the declaration, she changes her identity from attorney to the title of "Contract Manager", she includes her into the statement by saying that "he (Dan) did not want to hire her or keep me employed because of our race." (See EEOC documents page 97-99) She included herself in the discrimination claims, which were not in her previous statements, merely because she was facing legal issues with Defendant. Plaintiff denotes that Erutejiro Oratokhai is an attorney several times throughout her claims against Defendant. Erutejiro Oratokhai's statement is self-serving and her impressions are not supported by any facts stated in any of her statements.

Lastly, Plaintiff believed she was still employed by Defendant after she left the office that day. (See, Exhibit "F" Deposition lines 20-25 page 36, line 1 page 37.) Plaintiff admitted to never contacting or calling Dan Cobb or Kristin Cobb after she left that day to follow up on her employment, nor did she show back up for work. (See, Exhibit "F" Deposition lines page 36- 37.) Plaintiff has produced no evidence to show that she was terminated from her position, that she believed she was terminated from her position, much less that she was terminated because of her race or sex. The claims of wages are without foundation and merit.

## CONCLUSION

Defendant has shown that there are no genuine issues of material fact and Plaintiff has not provided any facts that are contested that would change the fact that Plaintiff was hired and left the business on her own accord, having not called or returned to work, abandoning her job. Therefore, Defendant is entitled to summary judgment as a matter of law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant **EZ EXIT NOW, LLC.** respectfully requests that this Motion for Summary Judgment be granted against Plaintiff Alicia Wilson based on arguments presented herein, and that Plaintiffs' Complaint be dismissed, for Defendant's reasonable and necessary attorney fees and court and such other and further relief to which they may be justly entitled.

**COLLEEN M. McCLURE**
**ATTONREY AT LAW**

By: */s/Colleen M. McClure*
Colleen M. McClure
SBN: 24012121
4201 Cypress Creek Parkway, Suite 565
Houston, Texas 77068
Telephone:(281)440-1625
Facsimile:(281)946-5627
colleen.mcclure@att.net

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that true and correct copy of the foregoing pleading has been furnished to Plaintiff in accordance with the Rules of Civil Procedure, on this 20th day of January 2020.

                             */s/Colleen M. McClure*
                             Colleen M. McClure